UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MORRIS CHRISMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-3059 |
| | ) | |
| ERIN BOWMAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**SUMMARY JUDGMENT ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Southwestern Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment claim for denial of dental care arising from his detention at Morgan County Jail. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment. (Doc. 47). The motion is granted.

**PRELIMINARY MATTERS**

**Defendants' Motion to Replace Exhibit A in Reply (Doc. 51)**

Defendants seek to supplement a signed affidavit for an unsigned affidavit attached to their reply brief. The affidavits appear to differ only with regards to the presence of a signature. Defendants' motion is granted.

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358

(7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**FACTS**

Plaintiff submitted a request for dental care on Friday, March 4, 2021, that jail officials returned because he had used the wrong form. Pl.'s Dep. 34:8-10, 35:10-18. He resubmitted requests on the appropriate form on Monday, March 7, 2021, and Tuesday, March 8, 2021, respectively. Therein, Plaintiff requested immediate transport to a dentist's office to treat a filling that had fallen out of one of his teeth; he indicated that the condition was painful and infected, and that he believed the tooth needed to be pulled. (Doc. 47-1 at 4-5).

Defendant Bowman examined Plaintiff on March 8, 2021. She noted that Plaintiff had multiple missing teeth and a filling that had fallen out two months prior. (Doc. 47-1 at 10). She contacted the nurse practitioner who ordered a referral to a dentist and dental wax for 30 days to cover the area where the filling had fallen out. UMF 7-8. Defendant Bowman ordered the dental wax and scheduled a dentist appointment for March 15, 2021, the earliest the dentist's office had available. (Doc. 47-1 at 8).

Plaintiff reported a bad taste in his mouth on March 10, 2021. Defendant Bowman sent a text message to the nurse practitioner that read: "[Plaintiff] is seeing a dentist next week, the dentist always puts them on antibiotics before they pull a tooth, could we start one now, so we can save a transport." *Id.* at 9. Defendant Bowman stated in her supplemental affidavit that she

requested an antibiotic "because [she] did not want to send [Plaintiff] to the dentist's office only to have his care delayed if the dentist determined that an antibiotic was necessary before performing a procedure." (Doc. 51 at 1, ¶ 4). The nurse practitioner prescribed an antibiotic, twice a day, for seven days.

Defendant Bowman provided a two-day prescription for Tylenol to Plaintiff per the nurse practitioner's instructions when he reported a toothache on March 11, 2021. UMF 15. On March 12, 2021, she contacted the nurse practitioner in response to Plaintiff's complaints of pain; the nurse practitioner did not prescribe new medications. UMF 18.

Plaintiff filed two sick call requests on March 14, 2021: one for dry, cracked feet; and, one for tooth pain. UMF 19. Plaintiff advised therein that the Tylenol effectively reduced his pain, but he had not taken it for two days. *Id.* On March 15, 2021, Defendant Bowman contacted the nurse practitioner, and she advised Plaintiff that he could purchase lotion in the commissary for his feet. UMF 20. Defendant Bowman received no new orders for Plaintiff's dental pain. *Id.*

Plaintiff returned from the dentist's office on March 15, 2021, after Defendant Bowman had left for the day. (Doc. 47-1 at 15). On March 16, 2021, she relayed the dentist's orders for a different type of antibiotic and ibuprofen to the nurse practitioner, who prescribed the antibiotic and Tylenol instead of ibuprofen. *Id.* The dentist pulled Plaintiff's tooth on March 31, 2021. Defendant Bowman did not receive any further aftercare instructions from the dentist. UMF 28. The nurse practitioner prescribed Tylenol. UMF 27.

Defendant Bowman contacted the nurse practitioner on April 5, 2021, when Plaintiff reported tooth pain and requested a soft food diet. UMF 29-30. The nurse practitioner ordered a soft food diet for seven days, and Defendant Bowman forwarded the order to the dietary

department accordingly. UMF 31. Defendant Bowman had no further contact with Plaintiff about his dental concerns after that date. UMF 32.

According to the medication administration reports Plaintiff provided, the jail officials responsible for distributing medications missed doses of several medications over the relevant period, and, according to Plaintiff, provided only one bowl of cottage cheese per day for a soft diet. Defendant Bowman was not responsible for distributing medications or preparing dietary trays.

## ANALYSIS

Detainees have a right to adequate medical care under the Due Process Clause of the Fourteenth Amendment. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). To prevail, Plaintiff must show that an official's deliberate or reckless conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). Specifically, a plaintiff must show that (1) he suffered from an objectively serious medical condition; and (2) that the officials' responses to it were objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936, 942-943 (7th Cir. 2019). The parties do not dispute that Plaintiff suffered from an objectively serious medical need.

The objective reasonableness inquiry "requires courts to focus on the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 888 (7th Cir. 2018). Liability attaches only where the official "acted purposefully, knowingly, or perhaps even recklessly" when taking the actions at issue—negligence, or even gross negligence, will not suffice. *Miranda*, 900 F.3d at 352-53.

Nurses must "defer to treating physicians' instructions and orders in most situations . . . [unless] it is apparent that the physician's order will likely harm the patient." *Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010); *Reck v. Wexford Health Sources*, 27 F.4th 473, 485-86 (7th Cir. 2022). Defendant Bowman ordered the treatment the nurse practitioner prescribed each time Plaintiff requested medical care for his dental complaints. The treatment included dental wax to protect the area where the filling had fallen out, Tylenol, antibiotics, and a dentist referral. Nothing about this treatment permits a reasonable inference that it would cause Plaintiff harm or exacerbate his pain.

Plaintiff's main complaint is that jail officials failed to send him to a dentist immediately to resolve his complaints. Plaintiff cannot prevail solely because he disagreed with the treatment provided or desired specific medical treatment jail officials failed to provide. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) ("[A]n inmate is not entitled to demand specific [medical] care."); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (a mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability). Plaintiff's condition was not life-threatening, and the dentist apparently concluded that Plaintiff's tooth did not require immediate removal upon examination.

Defendant Bowman's decision to seek an antibiotics prescription prior to Plaintiff's first dental appointment does not suggest that she impermissibly considered the cost of treatment—she sought the prescription in addition to the scheduled dentist appointment based on knowledge that the dentist would likely require antibiotics before performing any procedure. Had Plaintiff successfully completed the course of antibiotics, the dentist presumably could have pulled Plaintiff's tooth without the need for a second visit, thus expediting resolution of Plaintiff's issues.

Defendant Bowman was not personally responsible for any doses of the medication Plaintiff missed or preparing Plaintiff's prescribed diet. Plaintiff cannot prevail against her for any constitutional deprivations arising from these issues. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

The Court finds that no reasonable juror could conclude that Defendant Bowman's actions were objectively unreasonable. Because there is no underlying constitutional violation, Plaintiff's claims against Defendant Morgan County, Illinois also fail. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021).

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion [51] is GRANTED.**

2) **Defendants' Motion for Summary Judgment [47] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated, with the parties to bear their own costs.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to**

**appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 20th day of June, 2023.

> s/Sara Darrow
> SARA DARROW
> CHIEF U.S. DISTRICT JUDGE